a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMY ADAMS #463201,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00246<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| GLEN SERS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Jimmy Adams ("Adams") (#463201). Adams is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Adams complains that he was denied adequate medical care in violation of his constitutional rights. ECF No. 1 at 5.

Because Adams's Complaint (ECF No. 1) is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Adams alleges that he requested medical care and was examined by Nurse Kathy Childress ("Childress"). Adams complained of chest pain and shortness of breath. ECF No. 1 at 3. Childress allegedly told Adams that nothing was wrong with him and ordered him to leave the medical office. *Id.* Adams alleges that Childress

1

began yelling at him, drawing the attention of Captain Sers. *Id.* at 4. Sers confronted Adams "with threats of violence and physical harm." *Id.*

Adams filed an administrative grievance with Nurse Clark, who allegedly informed Childress. Adams concludes that this could expose him to retaliation and danger. *Id.* Adams also requests that he be transferred to a DOC facility or that Defendants be fired from their jobs. ECF No. 1 at 5.

II. Law and Analysis

    A. Adams's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Adams is an inmate who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Adams's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Adams's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v.*

*Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Adams does not state a claim for the violation of a constitutional right.</u>

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Childress did not refuse to see Adams when he made a sick call. Rather, she determined there was nothing wrong with him requiring medical intervention. Adams's disagreement with her opinion is insufficient to state a claim for an unconstitutional denial of medical care. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Adams's claims regarding verbal threats and the possibility of future retaliation also fail. Allegations of verbal threats do not state a claim for a constitutional violation. *See Westbrook v. Treon*, 78 F. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not

actionable under § 1983...."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."). And a retaliation claim cannot be prospective or speculative. *See Burley v. Davis*, 6:17-cv-490, 2018 WL 3301708, at *3 (E.D. Tex. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 1165840 (E.D. Tex. Mar. 6, 2018); *Magee v. Crowe*, 09-0167, 2010 WL 4338641 (E.D. La. Oct. 21, 2010) (denying TRO and preliminary injunction for possible future retaliation); *Damm v. Rubin*, 07-717, 2007 WL 1741743 (W.D. La. June 12, 2007) (denying TRO for possible future retaliation); *Holloway v. Johnson*, 98-048, 2000 WL 33348780 (W.D. Tex. Oct. 23, 2000) (denying TRO and preliminary injunction for possible future retaliation).

### C. Adams has not alleged a physical injury.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury must be more than *de minimis*. *See Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004). Adams does not allege any cognizable "injury" suffered from the actions of any of the Defendants.

### D. Adams has no right to the relief sought.

Even if Adams could state a claim for a constitutional violation, he is not entitled to the relief that he seeks. First, Adams asks that the Court order his transfer to a DOC facility. However, a prisoner has no constitutional right to be

4

housed at or transferred to any specific facility. See Armendariz-*Mata v. Lappin*, 157 F. App'x 767, 768 (5th Cir. 2005); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

Alternatively, Adams asks that the Defendants be terminated from employment. He has no constitutional right to such relief. "'[F]ederal courts are not personnel directors of state prison systems, and such relief is unattainable in [a § 1983] action.'" *Davis v. Lewis*, 18-CV-91, 2018 WL 3041194, at *2 (W.D. La. Mar. 7, 2018), *report and recommendation adopted*, 2018 WL 3040759 (W.D. La. June 19, 2018); *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (citing *Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)).

### III. Conclusion

Because Adams's Complaint is frivolous and fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, April 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE